**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOEL A. MELENDEZ,

    Plaintiff,

v.                                                                                        No. CV 21-61 RB/CG

CITY OF LAS CRUCES POLICE DEPARTMENT,
and D'ANTHANY ROOHR

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** is before the Court on the Rule 16 Scheduling Conference, held on April 19, 2021, and the parties' *Joint Status Report and Provisional Discovery Plan*, (Doc. 9), filed April 14, 2021. The Court adopts the *Joint Status Report and Provisional Discovery Plan*, (Doc. 9), as an Order of the Court as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a 180-day discovery track. Accordingly, the Court sets the following case management deadlines:

    i.    Plaintiff to join additional parties and to amend the pleadings by:     **May 19, 2021**

    ii.    Defendants to join additional parties and to amend the pleadings by:     **June 21, 2021**

    iii.    Plaintiff to identify in writing any expert witness to be used by Plaintiff at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by:     **July 19, 2021**

| | | |
|---|---|---|
| iv. | All other parties to identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by: | **August 18, 2021** |
| v. | Termination date for discovery: | **October 18, 2021** |
| vi. | Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) to be filed with the Court and served on opposing parties by: | **November 8, 2021** |
| vii. | Pretrial motions, other than discovery motions, shall be filed with the Court and served on the opposing party by[1]: | **November 18, 2021** |
| viii. | Final Pretrial Order: Plaintiff to Defendants by: | **January 10, 2022** |
| | Defendants to the Court by: | **January 25, 2022** |

Before moving for an order relating to discovery, the parties may request a conference with the Court in an attempt to resolve the dispute. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date.

The Court further sets the following discovery parameters:

i. Maximum of 25 Interrogatories by each party to any other party;

ii. Maximum of 25 Requests for Production by each party to any other party;

iii. Maximum of 25 Requests for Admission by each party to any other party;

iv. Maximum of 10 depositions by Plaintiff and 10 depositions by Defendants; and,

v. Depositions are limited to 4 hours, except depositions of parties and experts, which are limited to 7 hours, unless extended by agreement of the

parties.

Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires.

Finally, the parties are reminded that Local Rule 73.2 permits parties to consent to proceed before the undersigned in dispositive matters, including trial. The decision to consent to proceed before the undersigned rests with the parties. If the parties agree to consent to the undersigned in the presiding role, they must jointly complete and submit the appropriate Form AO 85, which may be found on the Court's website at https://www.nmd.uscourts.gov/forms.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE