**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOEL A. MELENDEZ,

     Plaintiff,

v.                                     No. CV 21-61 RB/CG

CITY OF LAS CRUCES POLICE DEPARTMENT,
and D'ANTHANY ROOHR

     Defendants.

**STIPULATED CONFIDENTIALITY ORDER**

     **THIS MATTER** is before the Court on the Defendants' *Unopposed Motion for Entry of Stipulated Confidentiality Order* (the "Motion"), (Doc. 35), filed September 24, 2021. In the Motion, the parties agree that certain information that is or may be the subject of discovery and disclosures in this case is or may be confidential. *Id.* at 1-2. The Court, having reviewed the Motion, the proposed order, the record, and noting the Motion is unopposed, finds the Motion is well-taken and shall be **GRANTED**.

     **IT IS THEREFORE ORDERED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern claims of confidentiality in these proceedings:

     A.     The parties may designate as "Confidential" any information, documents and other materials, including, but not limited to information and documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response

to any discovery conducted by the Parties in the above-captioned matter, and this Order shall govern the treatment thereof.

B.      As used in this Order, "Confidential Materials" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that counsel in good faith believes merits protection.

C.      Upon producing any document or other discovery material, the producing Party may designate all or any portion or portions thereof as "Confidential." The Parties may designate any portion of any deposition transcript as "Confidential."

D.      This Order does not compromise any party's ability to challenge the designation of any document or other discovery material as "Confidential" by bringing the designation to the attention of the Court by appropriate motion. The designated confidential status of such information shall be preserved pending disposition of the motion.

E.      Confidential Material shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for trial of this action and for no other purpose. All outside expert witnesses

employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

F.      Confidential Materials may be disclosed to deponents during the course of their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. Upon receipt of such advice, the deponent will be under the same restrictions with respect to such Confidential Materials as the Parties hereto.

G.      In the event that any Confidential Materials are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Materials shall be kept under seal by the Clerk until further order of this Court.

H.      All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit. No copies thereof shall be retained by any person. The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party. In the event that the parties determine that the Confidential Materials need to be retained by the non-producing party, then this Order shall remain in effect until such time as attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

I.      If documents, answers or other discovery materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

J.      Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the nonproducing Party or of this Court.

K.      If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

L.      In the event of production or disclosure of any document or answer to interrogatory or request for admission which the producing Party believes should have been marked "Confidential" which is produced without that designation, the producing Party may, upon discovery of such production without designation, request the marking [and designation] of any such document or other materials as "Confidential" and thereafter such materials and all copies of it shall be subject to the provisions of this protective order respecting the treatment of materials so stamped.

M.     This Order only applies to pretrial disclosure and post-trial return of confidential materials. The documents maybe proposed as trial exhibits by either party, and the use of the documents as trial exhibits shall be governed by the Court's evidentiary rulings, and any substantive law which maybe applicable.

N.     This Order shall continue in force until amended or superseded by express order of this Court and shall survive any Final Judgment entered herein.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Submitted by:

/s/ Luis Robles
Luis Robles
Robles, Rael & Anaya, P.C.
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
luis@roblesrael.com

*Attorneys for City Defendants*

Approved:

Via E-Mail on September 21, 2021
Jose R. Coronado
Law Office of Jose R. Coronado
125 W. Griggs Ave.
Las Cruces, New Mexico 88001
(575) 525-2517
(575) 525-2518 - Fax
jose@coronadolawlc.com

*Attorney for Plaintiff*